No. 21-20242

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**RAVEL FERRERA-PARRA,**
*Plaintiff-Appellant*,

v.

**UNITED AIRLINES, INC.,**
*Defendant-Appellee*.

On Appeal from the United State District Court for the
Southern District of Texas, Houston Division
No. 4:19-cv-01053

## APPELLEE'S RESPONSE TO APPELLANT'S
## MOTION TO REINSTATE APPEAL

Amit K. Misra
MISRA LEGAL GROUP
639 Heights Boulevard
Houston, Texas 77007
Telephone: 832-723-4776
Telecopier: 832-476-9656
*amit@misralegal.com*

COUNSEL FOR APPELLEE

No. 21-20242

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**RAVEL FERRERA-PARRA,**
*Plaintiff-Appellant,*

v.

**UNITED AIRLINES, INC.,**
*Defendant-Appellee.*

On Appeal from the United State District Court for the
Southern District of Texas, Houston Division
No. 4:19-cv-01053

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

### Defendant-Appellee

1. United Airlines, Inc.
2. United Airlines Holdings, Inc.

### Counsel for Defendant-Appellee

Amit K. Misra
MISRA LEGAL GROUP

639 Heights Boulevard
Houston, Texas 77007
Telephone: 832-723-4776
Telecopier: 832-476-9656
*amit@misralegal.com*

**Plaintiff-Appellant**

Ravel Ferrera-Parra

**Counsel for Plaintiff-Appellant**

Michael Confusione
HEGGE & CONFUSIONE, LLC
P.O. Box 366
Mullica Hill, New Jersey 08062-0366
Telephone: 800-790-1550
*mc@heggelaw.com*

                                              **/s/ Amit K. Misra**
                                              Amit K. Misra

No. 21-20242

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

RAVEL FERRERA-PARRA,
*Plaintiff-Appellant*,

v.

UNITED AIRLINES, INC.,
*Defendant-Appellee*.

On Appeal from the United State District Court for the
Southern District of Texas, Houston Division
No. 4:19-cv-01053

APPELLEE'S RESPONSE TO APPELLANT'S
MOTION TO REINSTATE APPEAL

TO THE HONORABLE U.S. COURT OF APPEAL FOR THE FIFTH CIRCUIT:

On July 12, 2021, the Court dismissed the appeal of Appellant Ravel Ferrera-Parra for want of jurisdiction. On August 12, 2021, the Court denied Ferrera-Parra's motion for reconsideration. Now, ***two and one-half years later***, Ferrera-Parra attempts an end-run around the dismissal of his appeal by filing a frivolous, bad faith motion to reinstate.

As explained below, the Court should deny Ferrera-Parra's motion for the following reasons: (1) the Court continues to lack jurisdiction; (2) Ferrera-Parra's

claims dismissed by the District Court were not meritorious; and (3) Ferrera-Parra's claims against which the District Court entered summary judgment were not meritorious.

## I.
## INTRODUCTION

1. Ferrera-Parra worked as a flight attendant for UA from October 1998 to June 2017. Appellant Mot. at 33. UA terminated Ferrera-Parra's employment for giving the appearance of sleeping while on duty and for using profanity with a co-worker. *Id*. at 87-90. As part of the Association of Flight Attendants, Ferrera-Parra had two union representatives throughout the investigation which resulted in his employment termination. *Id*. The union also pursued a grievance on his behalf, denied at the first two steps, *id*. at 82-83 and 80; with the union electing to withdraw the grievance before it proceeded to the final step of binding arbitration before the System Board of Adjustment, *id*. at 189.

2. Despite previously being *pro se*, Ferrera-Parra fully prosecuted his claims. He filed his charge of discrimination with the EEOC, Appellant Mot. at 29-32; he filed his original petition with Texas district court, *id*. at 24-28; and following removal, he filed an amended complaint with federal district court, stating five causes of action, *id*. at 33-38. Two of his five causes of action survived UA's motion to dismiss, for discrimination based on a perceived disability under federal and state law. *Id*. at 39-46. Ferrera-Parra then fully participated in discovery, serving one set

of interrogatories and three requests for production on UA. He consented to proceed before Magistrate Judge Dana Palermo and appeared at a settlement conference before Magistrate Judge Peter Bray. He also filed numerous motions with the District Court, including a motion for leave to amend complaint, two motions for appointment of counsel, and – as a sure sign of frivolousness and bad faith – *three* motions for recusal and disqualification of UA's counsel. *Id*. at 228-35. Later, Ferrera-Parra also filed a response to UA's motion for summary judgment, two post-judgment motions, and his untimely notice of appeal. *Id*. Before this Court, he filed numerous pleadings, including a motion for reconsideration after the Court's dismissal. *Id*. at 236-40. Now, nearly seven years after his employment termination, Ferrera-Parra continues his misguided effort to seek legal recourse. Giving all deference due a previously *pro se* plaintiff, the Court must still deny Ferrera-Parra's motion to reinstate and, on further motion, award UA its attorney fees incurred in responding to his frivolous, bad faith effort.

## II.
## ARGUMENT AND AUTHORITIES

**A.    The Court Lacks Jurisdiction to Reinstate the Appeal.**

3.    As a threshold matter, the Court lacks jurisdiction to reinstate Ferrera-Parra's appeal. Importantly, Ferrera-Parra knows this, and his insistence on pressing forward with this motion demonstrates the motion's frivolousness and his bad faith. The Fifth Circuit permits the reinstatement of a dismissed appeal in a civil matter

only in narrow circumstances. In Colbert v. Brennan, 752 F.3d 412 (5th Cir. 2014), the Court considered whether an appellant may seek reinstatement *after voluntarily dismissing appeal*. *Id*. at 416-17 (citing Barrow v. Falck, 977 F.2d 1100, 1103 (7th Cir. 1992). In BHTT Entertainment, Inc. v. Brickhouse Café & Lounge, L.L.C., 858 F.3d 310 (5th Cir. 2017), the Court considered whether an appellant may seek reinstatement *after a dismissal for want of prosecution*. *Id*. at 313-314 & n.5 (citing Colbert). The holdings of both Colbert and BHTT reduce to a simple rule: "As long as the motion to reinstate the appeal … is timely, the clerk, a single judge, or a panel of three judges can grant the motion as appropriate." *Id*. at 314 n.5.

4. In Colbert, the Court measured timeliness under the Federal Rules for Appellate Procedure. 752 F.2d at 416-417. "In a civil case … the notice of appeal … must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." FED.R.APP.P. 4(a)(1)(A). As the Colbert court held:

> Brennan moved this court to reinstate his appeal five months after the judgment and two months after dismissing his appeal—well outside of the time limit set by FED.R.APP.P. 4(a)(1)(A) for civil appeals. Therefore, his motion to reinstate was ineffective and there is no operative timely filed notice of appeal. ***Without such a timely filed notice of appeal, we lack jurisdiction.***

752 F.3d at 416-17 (internal citations omitted) (citing Barrow, *supra*) (emphasis added). In this case, Ferrera-Parra seeks reinstatement ***two years, 11 months, and 13 days*** after the District Court entered final judgment on March 30, 2021. This falls

well outside the time limit of Rule 4. Following <u>Colbert</u>, the Court lacks jurisdiction and should deny Ferrera-Parra's motion to reinstate appeal.

5. Tellingly, despite relying on out-of-circuit cases to make his frivolous, bad faith argument for reinstatement, Ferrera-Parra recognizes that timeliness provides the touchstone of whether the Court might consider a motion to reinstate. He makes three arguments for why the Court should deem his untimely May 4, 2021 notice of appeal – filed five day after the April 29, 2021 deadline – to be timely. Appellant Mot. ¶¶14-18. All three reasons stand on Ferrera-Parra unsupported argument, repeated throughout his motion, that the District Court's obligation to construe a *pro se* plaintiff's filing "liberally" means that the District Court should simply contrive excuses to support the *pro se* plaintiff's continued litigation.

6. First, Ferrera-Parra argues that because he sought post-judgment relief on April 27, 2021, this tolled the time for filing his appeal. *Id*. ¶16. He deliberately misconstrues the holding of the cited case, <u>Moody National Bank of Galveston v. GE Life and Annuity Assurance Co.</u>, 383 F.3d 249 (5th Cir. 2004), to make this argument. In <u>Moody</u>, the Court clearly holds that while a motion to alter or amend judgment brought under Fed.R.Civ.P. 59(e) will toll the appeal filing deadline, other motions "collateral to the judgment … do not toll the time period for filing an appeal." *Id*. at 250. Ferrera-Parra omits informing the Court that he did not make his April 27, 2021 filing under Rule 59(e) and did not seek to alter or amend the District

Court's judgment. Rather, as the District Court's docket sheet shows, he filed a motion for extension of time. Appellant Mot. at 233 (*see* Dkt. 71). Accordingly, the April 27, 2021 filing did not toll the date for filing the notice of appeal.

7. Second, Ferrera-Parra argues that his April 27, 2021 motion for extension of time "could have been considered a Notice of Appeal under liberal *pro se* construction rules." Appellant Mot. ¶17. Of course, he offers no authority for this extreme proposition. Again, "liberally construed" does *not* mean, "Read into the *pro se* filing whatever is needed so that the plaintiff stays in court."

8. Third, Ferrera-Parra argues that he "should have been permitted to show good cause or excusable neglect for an extension" of time. Appellant Mot. ¶18. This argument shows in sharp relief the heights of Ferrera-Parra's frivolousness and the depths of his bad faith. He filed a motion for the extension of time on April 27, 2021, a motion which the District Court denied on May 20, 2021 because Ferrera-Parra failed to show good cause or excusable neglect. *Id*. at 235 (*see* Dkt. 84). What more should the District Court have permitted?

9. With Ferrera-Parra's original notice of appeal being untimely, and with his motion to reinstate also being two and one-half too late, the Court lacks jurisdiction and should deny the motion.

## B. Plaintiff Cannot Meet the Second Circuit's "Manifest Injustice" Standard.

10. Should the Court proceed with a review on the merits, it should still deny Ferrera-Parra's motion. Recognizing that no Fifth Circuit precedent provides a basis for his motion, Ferrera-Parra relies on a Second Circuit case, Lattanzio v. COMTA, 481 F.3d 137 (2d Cir. 2007), to support his motion to reinstate appeal. Similar to BHTT, *supra*, Lattanzio involves the dismissal of an appeal where the appellant failed to comply with the appellate court's local rules. *Id*. at 139. Reciting the Second Circuit's standard, Lattanzio notes, "If we dismiss an appeal for appellate 'default,' we generally may reinstate it for good cause shown or 'where manifest injustice would otherwise result.'" *Id*. (citations omitted). Importantly, in recognizing these standards, the Lattanzio court did not address the timeliness of the underlying motion to reinstate. As a result, its holding offers no guidance on whether the Second Circuit would consider a motion to reinstate filed outside the thirty-day period defined by Rule 4.

11. Nonetheless, as Ferrera-Parra observes, Lattanzio defines "manifest injustice" as resulting "when the denial of the motion to reinstate bars an otherwise meritorious claim." 481 F.3d at 139. The Lattanzio court itself denied the motion to reinstate before it because "Lattanzio's claims are meritless, and were properly dismissed by the District Court." *Id*.

12. Applying the <u>Lattanzio</u> standard, the Court should find that Ferrera-Parra's claims were meritless and properly dismissed by the District Court. The District Court disposed of Ferrera-Parra's claims with two separate orders, (1) a partial dismissal granted by Judge Atlas, dismissing the Title VII and disability-related retaliation claims, and (2) a summary judgment granted by Magistrate Judge Palermo, dismissing the disability discrimination claims under the Americans with Disabilities Act ("ADA") and Chapter 21 of the Texas Labor Code. As demonstrated below, because the District Court properly dismissed all of Ferrera-Parra's claims, the Court may find them meritless.

**(1) Plaintiff Cannot Show that He Alleged Facts to State Claims as to Title VII and Retaliation.**

13. Ferrera-Parra argues that "the District Court erred in dismissing his claims." Appellant Mot. ¶¶19-25. In the order partially granting UA's motion to dismiss for failure to state claim, the District Court held that Ferrera-Parra "failed to allege facts that state a claim for relief under Title VII, or that state a retaliation claim under the ADA or the Texas Labor Code." Appellant Mot. at 46.

14. In reaching its holding as to the Title VII claim, the District Court found that Ferrera-Parra did not allege that UA made an employment decision based on his race, color, religion, sex, or national origin. *Id*. at 42. Ferrera-Parra now argues that the District Court should have read the formulaic averment in his charge of

discrimination, "I have also suffered illegal retaliation as a result of my attempt to file an on the job injury, also in violation of … Title VII of the Civil Rights Act of 1964, as amended …," *id*. at 32; as stating a prima facie claim for relief under Title VII, *id*. ¶¶21-22. Tellingly, Ferrera-Parra does not cite to any case law supporting such a level of deference to a *pro se* plaintiff. Rather, he asks that the Court ignore his *lack* of factual allegations and instead focus on his nominal reference to a statute. *Id*. In contrast, the District Court cites case law requiring it to construe a *pro se* plaintiff's complaint liberally but also requiring that Ferrera-Parra make sufficient *factual* allegations and not mere *legal* conclusions. *Id*. at 41. Ferrera-Parra's upside down argument, without any authority, lays bare its frivolous nature. The Title VII claim being meritless, the District Court did not err in dismissing it.

15.  In reaching its holding as to the retaliation claims, the District Court found that Ferrera-Parra did not allege that he engaged in protected activity. In particular, the District Court found that retaliation based on filing a workers' compensation claim did not fall within the scope of the Americans with Disabilities Act ("ADA") or the analogous provisions of Chapter 21 of the Texas Labor Code as a *matter of law*. Appellant Mot. at 43-44. It relied on a sister court within the Fifth Circuit and authority of other circuits. *Id*. While Ferrera-Parra argues that the ADA does not preclude the filing of a workers' compensation claim from being a protected activity, he fails to cite any supporting authority, even from outside the Fifth Circuit.

*Id*. ¶¶23-24. He again makes a baseless argument, not grounded in the law. His disability-related retaliation claims being meritless, the District Court did not err in dismissing them.

16.     Ferrera-Parra also argues that the District Court erred by dismissing these claims with prejudice without giving an opportunity to amend. Appellant Mot. ¶25. He once again makes a frivolous, bad faith argument. One, he cites inapposite cases involving dismissals with prejudice. In this case, nowhere does the District Court's order read that it dismissed these claims with prejudice. Two, a plain reading of the District Court's docket sheet shows that after the District Court dismissed the Title VII and disability-related retaliation claims on August 20, 2019, it conducted two pretrial conferences, on September 23, 2019 before Judge Atlas and on October 11, 2019 before Magistrate Judge Palermo. *Id*. at 228-235 (*see* Dkts. 16, 22, and 25). Ferrera-Parra had ample opportunity to seek the Court's permission to amend his complaint to include additional facts to support his Title VII and disability-related retaliation claims. Three, despite being *pro se*, Ferrera-Parra did not lack ability to engage in motion practice and otherwise present his case. He had already supplemented his complaint *three times* before the District Court entered its partial dismissal order, *id*. (see Dkts. 12, 13, and 15); and later filed a motion for leave to amend, *id*. (*see* Dkt. 43). Sufficient facts to support Ferrera-Parra's Title VII and

disability-related retaliation claims simply did not exist, and the District Court properly dismissed these claims.

### (2) Plaintiff Cannot Show that He Produced Evidence Facts to State Claims as to Disability Discrimination.

17. Ferrera-Parra also argues that the District Court erred in entering summary judgment against his disability discrimination claims.

18. As a preliminary matter, Ferrera-Parra argues that the District Court should not have stricken his evidence because he was *pro se*. Appellant Mot. ¶27. He cites <u>Thorn v. McGary</u>, 684 F.App'x 430 (5th Cir. 2017). But the holding of <u>Thorn</u> could not be clearer: it requires and does not excuse a *pro se* plaintiff from complying with procedural rules.

> Here, the district court recognized that it was required to—and did in fact—liberally construe Thorn's complaint and opposition. But, as the district court also recognized, Thorn was not excused from complying with the Federal Rules of Civil Procedure, the district court's local rules, or most significantly, the tenet that he must identify evidence in support of his claims. The district court's local rules require an opposition to summary judgment to include a separate and concise statement of the material facts which the opponent contends present a genuine issue. If the opposition fails to provide such a statement, all material facts in the moving party's statement will be deemed admitted, for purposes of summary judgment. ***Thorn was not excused from complying with this requirement by simple virtue of his pro se status***.
>
> ***
>
> We generally review a motion to strike for abuse of discretion but need not decide whether the district court abused its discretion in this case. As a result of Thorn's failure to follow the district court's summary

> judgment procedures, the material facts in Defendants' motion for summary judgment were deemed admitted for purposes of ruling on the motion. Thorn's pro se status, as discussed above, ***did not excuse him from complying*** with the district court's local rules, and under the circumstances, they were properly enforced by the district court against him.

*Id*. at 432-33 (internal citations and quotations omitted) (emphasis added). This deliberate misconstruing of cases further illustrates the frivolousness of this entire exercise. In this matter, the District Court properly required that Ferrera-Parra authenticate his summary judgment evidence. Appellant Mot. at 202.

19. Ferrera-Parra goes on to argue that he had sufficient evidence for his disability discrimination claim to survive summary judgment. Appellant Mot. ¶28. In particular, while the District Court found that Ferrera-Parra did not create a fact question as the first, third, and fourth elements of his claim, *id*. at 206-09;[1] Ferrera-Parra argues that he had sufficient evidence to do so. The Court should reject his argument for several reasons.

20. First, the District Court, echoing <u>Thorn</u>, found that Ferrera-Parra failed to direct the Court to any specific evidence:

> Here, Plaintiff failed to discharge his burden on summary judgment. Indeed, even if the motion to strike much of Plaintiff's summary judgment evidence had not been granted, Plaintiff's failure to cite to specific portions of the record to support his claims would in be sufficient to grant Defendant's motion for summary judgment.

---

[1] Ferrera-Parra stipulated that his claim involved a perceived disability and not an actual disability. Appellant Mot. 206-07.

*Id*. at 209.

21. Second, as to the first element, even at this late date, despite his lengthy block quotes from his self-serving statements, Appellant Mot. ¶¶30-33; Ferrera-Parra still cannot point to any evidence in the 217 pages that he attached to his motion where a management employee regarded him as being disabled.

22. Third, as to the third and fourth elements, respectfully requiring a causal nexus and a comparator, Ferrera-Parra again fails to meet his burden. Appellant Mot. ¶34. Not only does he fail to cite to any evidence in his 217-page attachment, but he also fails to provide any plausible explanation for his alleged perceived disability being the cause of his employment termination or to identify any comparator.

23. Fourth, having still failed to explain how he had sufficient evidence to meet his burden to present a prima facie case, Ferrera-Parra argues that he had evidence of pretext. Appellant Mot. ¶¶35-37. Notably, the District Court did not consider the issue of pretext because Ferrera-Parra failed to meet his prima facie burden. *Id*. at 203 n.4. However, should the Court consider pretext, it should find that Ferrera-Parra still falls short.

24. He attempts to dispute the underlying facts – namely, that he gave the appearance of sleeping and used profanity with a co-worker – by offering two statements. He offers a statement from a co-worker, but this co-worker does not deny either that Ferrera-Parra gave the appearance of sleeping or used profanity with

another co-worker. *Id*. ¶35. He also offers his own statement, which also does not deny that he gave the appearance of sleeping or used profanity; to the contrary, he only questions why the co-worker who complained about him "gives no concern or attempts a wellness-check on a fellow crew member" and did not "help[] or call[] for help." *Id*. ¶36. These statements do not create a fact issue as to the stated reason for employment termination.

25. Ferrera-Parra also argues not following the progressive discipline policy as evidence of pretext. *Id*. ¶37. He offers no case law supporting this. He also ignores that his employment termination rests in part on an express exception to the progressive discipline policy, which calls for immediate termination for the giving the appearance of sleeping. *Id*. at 82. He even conveniently provides the precedent from the System Board of Adjustment which found that giving the appearance of sleeping and using profanity provides just cause for termination. *Id*. at 174-75. Given the policy and System Board precedent, not following the progressive discipline policy does not create a fact issue as to pretext.

### III.
### CONCLUSION

26. For these reasons, Appellee United Airlines, Inc. respectfully requests that the Court deny Ferrera-Parra's motion to reinstate appeal and award it such other and further relief, general or special, legal or equitable, to which it may show itself justly entitled.

Respectfully submitted,

THE MISRA LEGAL GROUP


By: **/s/ Amit K. Misra**
    Amit K. Misra, Esq., P.C.
    S.D. Tex. No. 21460
    State Bar of Tex. No. 00795534

639 Heights Boulevard
Houston, Texas 77007
832-723-4776 Telephone
832-476-9656 Telecopier
amit@misralegal.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT-APPELLEE

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2024, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to the following counsel of record:

Michael Confusione
HEGGE & CONFUSIONE, LLC
P.O. Box 366
Mullica Hill, New Jersey 08062-0366
Telephone: 800-790-1550
*mc@heggelaw.com*

                            **/s/ Amit K. Misra**
                            Amit K. Misra

# CERTIFICATE OF COMPLIANCE

I hereby certify that on this 22nd day of March, 2024 that this brief complies with the following:

1. The type-volume limitation of FED.R.APP.P. 27(d)(2)(A) because this brief contains 3,289 words.

2. The typeface requirements of FED.R.APP.P. 27(d)(1)(E) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Times New Roman font 14-point type face.

3. The privacy redactions required by Fifth Circuit Rule 25.2.13.

/s/ **Amit K. Misra**
Amit K. Misra